IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| GERARDO C. SANCHEZ,<br>    Petitioner, | )<br>)<br>) | |
| v. | ) | CIVIL ACTION NO. 5:06-0035 |
| TODD R. CRAIG,[1]<br>Warden, FCI Beckley,<br>    Respondent. | )<br>)<br>)<br>) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 3.) and Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to file a successive Section 2255 Motion; (2) jurisdiction is in the Court where Petitioner was sentenced, the Eastern District of North Carolina; and (3) in any event, Petitioner is not entitled to relief based upon <u>Blakely</u> and <u>Booker</u>.

---

[1] When Petitioner filed this civil action, Charles T. Felts was serving as the Warden of FCI Beckley. Todd R. Craig, however, has since been designated as the Warden. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd R. Craig is substituted as the party Respondent in this civil action.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## FACTS AND PROCEDURE

On July 16, 1999, Petitioner pled guilty in the United States District Court for the Eastern District of North Carolina to Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846, and to the Use and Carry of a Firearm during and in relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). (Document No. 2, p. 3.); United States v. Sanchez, Criminal Case No. 5:00-00417 (E.D.N.C. Nov. 1, 1999). On November 1, 1999, the District Court sentenced Petitioner to a 175-month term of imprisonment on Count One and a 60- month term on Count Three, to run consecutively. United States v. Sanchez, Criminal Case No. 5:00-00417, Document No. 37. Petitioner did not appeal his conviction or sentence. (Document No. 2, p. 4.)

On May 25, 2004, Petitioner filed in the Eastern District of North Carolina a Motion for Writ of Error Coram Nobis. United States v. Sanchez, Criminal Case No. 5:00-00417, Document No. 51. On June 3, 2004, the District Court directed Petitioner to either withdraw or amend his Motion for Writ of Error Coram Nobis. Id., Document No. 54. On June 21, 2004, Petitioner filed his Notice to Amend Petitioner's Writ of Error Coram Nobis and an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Id., Document Nos. 55 and 56. On July 2, 2004, the District Court granted Petitioner's Motion to Amend, re-characterized his Writ of Error Coram Nobis as a Section 2255 Motion, and dismissed Petitioner's Section 2255 Motion as untimely. Id., Document No. 58. Petitioner did not appeal the District Court's decision.

On March 29, 2005, Petitioner filed in the Eastern District of North Carolina a Letter-Form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Id., Document No. 62. As grounds for relief, Petitioner indicated that he wished to challenge his sentence in "view of the recent Supreme Court decision in the matter of U.S. v. Booker." Id., Document No. 62, p. 1. On April 30, 2007, the District Court ordered that Petitioner's Motion be

"DENIED for failure to prosecute, and/or DISMISSED without prejudice to seek authorization from the Fourth Circuit Court of Appeals to bring a second or successive § 2255 motion." Id., Document No. 72. Petitioner filed his Notice of Appeal on August 1, 2007. Id., Document No. 74. On August 31, 2007, Petitioner filed a Motion to Withdraw his Notice of Appeal. Id., Document No. 78. The Fourth Circuit dismissed Petitioner's Appeal on December 17, 2007, "for failure to prosecute pursuant to Local Rule 45." Id., Document Nos. 79 and 80.

On January 13, 2006, Petitioner filed the instant Application alleging that his sentence is unconstitutional under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). (Document No. 2, p. 8.) Specifically, Petitioner states as follows:

> Prior to sentencing and subsequent to Petitioner's plea of guilty, the trial court ordered the U.S. Probation Department to prepare and present to the court a Presentence Investigation Report ("PSI"). Said report established Petitioner's "Base Offense Level" at 32 under U.S.S.G. § 2D1.1(c)(4). Such calculation was explained in the PSI as the result of Petitioner being held 'accountable for the distribution of at least 790.34 grams of methamphetamine'. . ..
> 
> Petitioner did not plea guilty to conspiracy to distribute and possess with intent to distribute 790.34 grams of methamphetamine; he was charged with and plead guilty to no specific quantity of the drug. As such, Petitioner's base offense level should have been established under § 2D1.1(c)(14) of the guidelines which sets a base offense level of 12 for a drug quantity of 'at least 5 G or less of methamphetamine.'

(Id., pp. 22 - 23.) Therefore, Petitioner asserts that his sentence is illegal because "[t]he Supreme Court's decisions in Jones and Booker have declared the district court's use of sentencing enhancements to sentence Petitioner to a term of imprisonment exceeding the maximum sentence authorized by Petitioner's admission to be unconstitutional." (Id., p. 48.) Petitioner argues that "Booker must be held to apply retroactively to all post Jones' cases, because the Booker decision has not in fact altered the Jones' rule in a material way." (Id., p. 30.) Petitioner further contends that his "waiver of appeal and collateral review rights should be declared invalid and unenforceable." (Id., p. 48.) In support of his argument, Petitioner states that he "did not knowingly and intelligently waive his

3

constitutional rights, particularly those rights enunciated in Jones v. United States, 526 U.S. 277 (1999); Apprendi v. New Jersey, 530 U.S. 466 (2000); and United States v. Booker c/w United States v. Fanfan, 543 U.S. 220 (2005)." (Id., p. 33.) Petitioner asserts that "the inclusion of appeal waiver within plea agreements qualifies as an arbitrary method at trial particularly under a federally mandated sentencing guideline system that allowed a judge to increase a defendant's sentence above the maximum term authorized by the facts admitted in the contract." (Id., p. 39.)

## ANALYSIS

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy

under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Eastern District of North Carolina. Petitioner alleges that his sentence is unconstitutional under Booker because his sentence was improperly enhanced based upon facts found by the District Court and not by a jury. (Document No. 2, pp. 21 - 31.) Specifically, Petitioner contends that the District Court erred by attributing Petitioner with 790.34 grams of methamphetamine because Petitioner's plea agreement failed to contain a specific quantity of drugs. (Id., pp. 21 - 23.) Thus, Petitioner asserts that his "Base Offense Level must be calculated using the lowest quantity reflected in the guidelines . . . found at § 2D1.1(c)(14), is level 12, twenty levels below that utilized by the sentencing court." (Id., p. 23.) Petitioner further argues that based upon the new law established in Booker, his "waiver of appeal and collateral review rights should be declared invalid and unenforceable." (Id., p. 48.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

> violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court and has not obtained the authorization of the Fourth Circuit to file a successive Section 2255 Motion.

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner alleges that Section 2255 is inadequate and ineffective because (1) he cannot obtain certification to file a second motion since "Booker has not been made retroactive," and (2) "the terms of § 2255 precludes Petitioner's collateral review of his sentence based on the Booker decision should Booker be held to not establish a newly recognized right by the Supreme Court." (Document No. 2, 12 and 17.) As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Even if Petitioner is procedurally barred from proceeding under Section 2255, he does not have recourse under Section 2241. The United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), were based upon and extended the rationale which the Court first announced in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). Blakely and Booker were decided after Petitioner's sentence became final, and do not present cognizable grounds for claiming that Section 2255 is inadequate and seeking relief under Section 2241. San-Miguel v. Dove, 291 F.3d 257 (4th Cir.

2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .." The Fourth Circuit Court of Appeals has determined that Booker, which made Blakely applicable to the Federal Sentencing Guidelines, is not retroactive with respect to persons whose convictions were final prior to the Supreme Court's decision. United States v. Morris, 429 F.3d 65 (4th Cir. 2005), cert. denied, ___ U.S. ___, 127 S.Ct. 121, 166 L.Ed.2d 91 (2006). Additionally, the Fourth Circuit has recognized that a waiver of appeal rights, in a plea agreement accepted before the Booker decision, is not invalidated by the change in law. United States v. Blick, 408 F.3d 162, 170 (4th Cir. 2005)(rejecting the argument that a defendant "could not have knowingly waived his rights under Booker - or that his Booker argument is necessarily outside the scope of the appeal waiver - because that case had not been decided when he entered into the plea agreement."). Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 3.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: December 29, 2008.

R. Clarke VanDervort
United States Magistrate Judge